**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANG LIN, AKA Qiang Lin, | No. 11-73322 |
| Petitioner, | Agency No. A070-122-451 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2013**
Pasadena, California

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Diang Lin petitions for review of the Board of Immigration Appeals' (BIA)

decision denying his motion to reopen proceedings. We deny the petition.

Because the parties are familiar with the facts and history of the case, we need not

recount it here.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

To show grounds for reopening, Lin must establish prima facie eligibility for asylum. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009). To show prima facie eligibility, Lin must establish that his violation of China's family planning policy would be punished in the local area in a way that would give rise to an objective fear of future persecution. *See In re J-H-S-*, 24 I. & N. Dec. 196, 199 (BIA 2007). Lin argued that he satisfied this standard because he and his wife have two children and that, "if we are sent back to China, one of us will be forced to undergo sterilization, and we will both be heavily fined."

The BIA did not abuse its discretion by determining that Lin has not made an adequate showing that he would be forcibly sterilized. The BIA cited *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209 (BIA 2010), which held that family planning policies in Fujian province are likely to be enforced by fines and economic penalties rather than by forced sterilization. *See id.* at 213-14; *see also id.* at 215 ("Even if we accept that the policy in the town to which the respondent intends to return generally calls for sterilization after the birth of two children, the respondent has not established that the treatment she may face if she refuses sterilization would amount to persecution."). The BIA's conclusions are supported by the record.

2

The BIA also did not abuse its discretion by determining that, although Lin might be fined for violating family planning policies, he did not make an adequate showing that he would be subjected to economic harm amounting to persecution, particularly given that he did not offer any evidence concerning his financial situation. *See In re T-Z-*, 24 I. & N. Dec. 163, 169 (BIA 2007) ("Not all . . . fines, wage reduction, or loss of employment  . . . will  . . . meet or exceed the threshold level of harm for  . . . persecution.").

To the extent that the BIA rejected Lin's government documents solely because they were not authenticated pursuant to regulation, this was error. *See Vatyan v. Mukasey*, 508 F.3d 1179, 1182-84 (9th Cir. 2007) (rejecting the proposition that foreign government documents must be authenticated by official certification pursuant to 8 C.F.R. § 287.6 and holding that a document can be authenticated by any evidence sufficient to support a finding that the item is what the proponent claims it is).  Any error was harmless, however:  although the BIA deemed the documents unauthenticated, the BIA nonetheless considered the documents and reasonably determined that they were inadequate to show that Lin or his wife would be subjected to forced sterilization.

The BIA's holding that Lin failed to meet his burden for relief was supported by record evidence and is an "independent ground[] on which the BIA

3

may deny a motion to reopen." *INS v. Abudu*, 485 U.S. 94, 104 (1988). We therefore need not address Lin's other arguments.

**PETITION DENIED.**